UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

In re:

------------------------------------------------------x
BEECH TREE CORPORATION d/b/a            :        CHAPTER 11
COPPER BEECH INN and                    :        CASE NO. 09-32276
CBI ACQUISITION CORPORATION,            :        CASE NO. 09-32277
                                        :        Jointly Administered Pending
                    Debtors             :
          vs.                           :
                                        :
BEECH TREE CORPORATION d/b/a            :
COPPER BEECH INN and                    :
CBI ACQUISITION CORPORATION,            :
                                        :
          v.          Movants           :
                                        :
FARMINGTON SAVINGS BANK,                :
UNITED STATES SMALL BUSINESS            :
ADMINISTRATION,                         :
DONALD E. PERRY,                        :
STATE OF CT DEPARTMENT OF               :
REVENUE SERVICES,                       :
STRATEGIC FUNDING SOURCE, INC.,         :
FINKELDEY, INC.                         :
and STATE OF CT DEPARTMENT              :
OF LABOR,                               :
                                        :
              Respondents               :
------------------------------------------------------x

**SECOND MOTION FOR ORDER AUTHORIZING INTERIM HEARING (1)
AUTHORIZING DEBTORS-IN-POSSESSION TO OBTAIN FINANCING, GRANT
SECURITY INTERESTS AND ACCORD PRIORITY STATUS PURSUANT TO 11
U.S.C. §§ 361, 364(c) AND 364(d); (2) AUTHORIZING FARMINGTON SAVINGS BANK
THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION
PURSUANT TO 11 U.S.C. §§ 361 AND 363(c)(2); (3) MODIFYING AUTOMATIC STAY;
AND (4) GIVING NOTICE OF FINAL HEARING PURSUANT TO BANKRUPTCY
RULES 4001(a)(3), (b)(2) AND (c)(2)**

1

Beech Tree Corporation d/b/a The Copper Beech Inn and CBI Acquisition Corporation (hereinafter the "Debtors"), respectfully files this Motion for (1) Interim and Final Orders Authorizing a Priority First Lien in all Assets of the Debtors (DIP Lien) by Consent, (2) Granting Security Interests, (3) Providing for Adequate Protection, (4) Approving Agreements Relating to the Foregoing and (5) Granting other Relief on a Preliminary and Final Basis pursuant to 11 U.S.C. §§ 361, 363(c)(2) and (3), §364(c) and (d), and upon information and belief, and in support thereof, would respectfully represent upon information and belief as follows:

1.    On August 19, 2009 (the "Petition Date"), Beech Tree Corporation d/b/a The Copper Beech Inn and CBI Acquisition Corporation (hereinafter "BTC" and "CBI" or the "Debtors") commenced their reorganization cases by filing voluntary petitions for the relief afforded by Chapter 11, Title 11, U.S.C., in this Court.  In accordance with Sections §1107 and §1108 of the Bankruptcy Code, the Debtors were authorized to continue in possession of their properties and operate and manage their business as a Debtors-in-Possession.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  Venue is proper before this court pursuant to 28 U.S.C. §§1408 and 1409.  No Trustee or Examiner has been appointed in these proceedings.

3.    BTC is a Connecticut corporation incorporated in 2002.  BTC is a regional and national inn operating the Copper Beech Inn offering fine dining and New England hospitality and lodging.  It offers 22 rooms and has approximately 30 employees.  It was founded in the

2

1800s and continues to be part of the hospitality industry.  Purchased in 2002 by Ian and Barbara

Phillips, the facility has been renovated and continues to offer the highest award winning service.

4.      CBI is a Connecticut corporation incorporated in 2002.  CBI is the real estate

holding company for The Copper Beech Inn and has no employees.

5.      According to BTC's books and records, BTC has assets with a book value of

approximately $1 million (as of August 1, 2009) and liabilities of approximately $5.7 million (as

of August 1, 2009).

6.      According to CBI's books and records, CBI has assets with a book value of

approximately $6 million (as of August 1, 2009) and liabilities of approximately $5.7 million (as

of August 1, 2009).

7.      As set forth below, the relief sought pursuant to this motion will address the

Debtors' important liquidity needs to aid and enhance them in preserving and maintaining their

assets and market position and their going concern value.  If the Debtors are prevented or

delayed in providing to their customers and their employees the same services as they had

offered before the Petition Date, the Debtors' businesses will be impaired at a time when

employee, customer loyalty and patronage is extremely critical.

8.      Prior to the date of this motion, the Debtors generally met their cash needs with

funds generated from operations and financing in the amount of $250,000 previously approved

by this Court.  The Debtors' businesses have recently been effected by a number of businesses

operating and general economic factors which have reduced some of the income and cash flow

which the Debtors otherwise utilized for payment of their daily operating expenditures. For that

reason, the Debtors need to apply for an increase of the financing from $250,000 to $325,000.

Given the Debtors' illiquidity, it is critical that they obtain interim relief on or before March 26,

2010 to meet payroll and other critical needs and to avoid irreparable harm to the estates.

9.     Pending a final hearing on this motion, the Debtors seek immediate financing for,

among other things, to enhance their ability to pay salaries, purchase supplies and for other

working capital needs and in order to help continue operations uninterrupted.  Absent financing

for their continued business operations, the Debtors continuing operations may be effected.

Consequently, if interim relief is not granted, the Debtors going concern value may be

immediately and irreparably jeopardized to the detriment of the estate, their creditors, and other

parties in interest.

10.     To date, the Debtors have been unable to obtain funding on any other basis more

beneficial to the estate.  The Debtors note that without sufficient assets to provide as collateral,

the Debtors' ability to obtain financing from any conventional source at this time would be

unlikely.

11.     The Debtors also note that the Lender has also agreed to a carve out for all of the

Debtor's professionals (including Zeisler & Zeisler, P.C., Workout Solutions, Inc., and John J.

Beatty, CPA, John J. Beatty CPA, LLC) in the amount of $50,000 from any sale of the residence

of the Debtors principal Ian Phillips.

12.     It is the business judgment of the Debtors that the terms of this financing facility,

when submitted at the hearing on this Motion will be taken as a whole, provide the Debtors with

the most preferable terms for post-petition financing.  Attached hereto is a proposed interim

financing order and a summary of the DIP termsheet annexed hereto as Exhibit A and

incorporated herein that the Debtors have negotiated with their principal secured lender,

<u>Farmington Savings Bank</u> or Pre-Petition Lender (the "Lender") and their DIP Lender.  The

Lienholders are as follows:

Farmington Savings Bank – Lien on all assets of BTC and CBI
United States Small Business Administration - Lien on all assets of BTC and CBI
Donald E. Perry – Lien on all assets of CBI assets
State of CT Department of Revenue Services – UCC on BTC
Strategic Funding Source, Inc. – UCC on BTC
Finkeldey, Inc. – Mechanics Lien on CBI
State of CT Department of Labor – UCC on BTC

The Debtors continue to negotiate the terms of the proposed order.  The Debtor notes that the

Pre-Petition Lender has agreed to subordinate to the DIP Lenders on a new line of credit for up

to $325,000 and will enter into an Agreement on consent.  The proposed order describes in detail

the financing requested today.  The DIP Lender shall be granted a first lien position on all assets

of both Debtors in priority over all other liens.  The amount shall be to increase the line of credit

of up to $325,000.  FSB consents to this financing and will obtain a lien immediately behind the

DIP Lender.

13.     The interim order provides, inter alia, for adequate protection in the nature of first

priority security interests and liens, superior to all other creditors, in and upon all of the existing

and future assets and property of the Debtors and this estate pursuant to 11 U.S.C. § 364(c) and §

364(d), representations and/or waivers regarding liens, and interests and claims of secured

creditors, financial performance restrictions and guidelines, depository and expenditure

restrictions, modification of the automatic stay under § 362 to implement the terms and

5

conditions of any financing agreement and/or order entered by the Court, reporting requirements,

super-priority administrative claims under § 364(c)(1), and events of default and consequences

therefore.  **PARTIES ARE DIRECTED TO REVIEW THE ORDER ANNEXED HERETO**

**FOR THE SPECIFIC TERMS, CONDITIONS AND REPRESENTATIONS AND ARE**

**PUT ON NOTICE THAT THE DEBTORS AND THE SECURED LENDERS MAY**

**REQUEST ADDITIONAL SIGNIFICANT TERMS AND CONDITIONS AT THE**

**HEARING ON THIS MOTION.  INDEED, THE FORM OF ORDER ATTACHED**

**HERETO IS STILL BEING NEGOTIATED AND MAY DIFFER SUBSTANTIALLY**

**FROM THE ORDER THE DEBTORS PRESENT TO THE COURT AT THE HEARING**

**ON THE MOTION.**

14.    Because the Debtors have unsuccessfully attempted to obtain unsecured credit

allowable under § 503(b)(1) of the Bankruptcy Code as administrative expense in an amount

sufficient to meet their working capital needs from any other source, the Debtors believe that a

new borrowing facility on the terms acceptable to the Debtors are permissible within the

meaning of 11 U.S.C. § 364(c) and (d).

15.    The Debtors further believe that authorizing them to enter into a post-petition

facility is in the best interest of their estate and creditors and should be approved as it is essential

to the Debtors' businesses to allow them the opportunity and ability to minimize the disruption to

their business affairs which may otherwise result without this financing, increase the likelihood

that it will successfully reorganize, preserve the assets, business and goodwill reputations of the

Debtors.

16.     Accordingly, by this motion, the Debtors request pursuant to Rule 4001 F.R.Bankr.P., that the Court allow interim approval of the post-petition facility and permit the Debtors to incur loans in an amount sufficient to meet the Debtors' interim needs pending the final hearing on this motion.

17.     The Debtors anticipate submitting a final order authorizing post-petition financing at the final hearing on this motion that has been consented to by the Lenders that may have terms, conditions and representations in addition to or to supplement those contained in the interim order.

WHEREFORE, the Debtors respectfully request that the Court enter an interim financing order and a final financing order authorizing them to enter into the proposed post-petition facility and grant such other and further relief as the Court deems just and proper.

Dated at Bridgeport, CT, this 25th day of March, 2010.

BEECH TREE CORPORATION d/b/a
COPPER BEACH INN and
CBI ACQUISITION,
THE DEBTORS


By: /s/Matthew K. Beatman
        Matthew K. Beatman (ct08923)
        ZEISLER & ZEISLER, PC.
        558 Clinton Avenue
        P.O. Box 3186
        Bridgeport, CT 06605
        Tel: (203) 368-4234
        Proposed Attorneys for the Debtors

7